IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SCIVIC ENGNEERING AMERICA, INC., | §§§ |
| *Plaintiff*, | §§ |
| v. | § CIVIL ACTION NO. 5:21-cv-572 |
| SPARK POWER CORP. and SPARK POWER (SOUTHWEST USA) CORP., | §§§§§§ |
| *Defendants*. | § |

**DEFENDANT SPARK POWER (SOUTHWEST USA) CORP.'S NOTICE OF REMOVAL**

Defendant Spark Power (Southwest USA) Corp. ("Spark Southwest") hereby files this Notice of Removal of the state court action styled *SCIVIC Engineering America, Inc. v. Spark Power Corp. and Spark Power (Southwest USA) Corp.*, Cause No. 2021CI08402 in the 131st Judicial District of Bexar County, Texas, pursuant to 28 U.S.C. § 1441(a), and as grounds for removal would show the Court as follows.

**I.  BACKGROUND**

1. This lawsuit arises from a construction dispute over electrical work performed by Spark Southwest, an electrical subcontractor, for general contractor SCIVIC Engineering America, Inc. ("SCIVIC" or "Plaintiff") at an automobile manufacturing plant in San Antonio, Texas. After disputes arose during the project over the scope of work Spark Southwest was to perform, Plaintiff terminated Spark Southwest from the project and refused to pay Spark Southwest for work it performed. As a result, Spark Southwest filed a mechanic's lien claim against the project in the amount of $1,764.230.82.

1

2.      In response, Plaintiff filed its Original Petition on April 28, 2021 in Cause No. 2021CI08402 in the 131st Judicial District of Bexar County, Texas (the "State Court Action").  In its Original Petition, Plaintiff sought to invalidate Spark Southwest's mechanic's lien and also brought claims for breach of contract and breach of warranty.  Plaintiff sought monetary relief "over $1,000,000 and non-monetary relief." Pl.'s Orig. Pet. ¶ 4.

3.      However, in its Original Petition, Plaintiff did not name Spark Southwest as a defendant.  Instead, it named Spark Power Corp. ("Spark") as the sole defendant.  Spark is a Canadian Business Corporation with a principal place of business in Ontario, Canada and had nothing to do with the project.

4.      On May 21, 2021, Plaintiff filed its First Amended Petition in the State Court Action, naming both Spark and Spark Southwest as defendants (collectively "Defendants").  In its First Amended Petition, Plaintiff sought the same relief and brought the same claims as in its Original Petition.

5.      Spark Southwest was served with Plaintiff's First Amended Petition on June 4, 2021.  As of the time this Notice of Removal was filed, Spark has not been served with either Plaintiff's Original or First Amended Petition.

6.      Pursuant to 28 U.S.C. § 1446(b), Spark Southwest has timely filed this removal notice within 30 days of service of Plaintiff's First Amended Petition.

## II.     PROCEDURAL MATTERS

7.      The procedural requirements for removal set forth in 28 U.S.C. § 1446 are satisfied. In accordance with Section 1446 and the Local Rules for the Western District of Texas, attached to this Notice of Removal are the following documents:

    a. All executed process from the State Court Action (Exhibit A);

    b. All pleadings filed in the State Court Action, including:

       i. Plaintiff's Original Petition (Exhibit B1);

      ii. Plaintiff's First Amended Petition (Exhibit B2);

     iii. Plaintiff's Summary Motion to Remove Lien (Exhibit B3);

     iv. Plaintiff's Motion for Deposit into Registry; (Exhibit B4);

   c. All orders signed by the State Judge in the State Court Action (Exhibit C);

8. Upon the filing of this Notice of Removal, Spark Southwest will promptly file a notice of the filing of this Notice of Removal in the State Court Action.

9. Defendant Spark consents to the removal of this case to Federal Court, but expressly does not concede that it is subject to the personal jurisdiction of this Court (or any court in the United States), and consents to the removal of this case without waiver of its right to challenge personal jurisdiction under Rule 12(b)(2) or otherwise.

10. By virtue of this Notice of Removal, Defendants do not waive their right to assert any jurisdictional claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

### III.   BASIS FOR REMOVAL

11. The basis for removal is diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), United States District Courts have jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.   The amount in controversy exceeds $75,000**

12. Plaintiff's pleadings establish that the amount in controversy exceeds $75,000. Plaintiff seeks monetary relief of more than $1,000,000. See Pl.'s 1st Am. Pet. at ¶ 5.

**B.      Defendants are diverse in citizenship from the Plaintiff**

13.     Plaintiff and Defendants are corporations. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

14.     According to Plaintiff's latest Texas Franchise Tax Public Information Report, Plaintiff is a South Carolina Corporation with its principal place of business located in South Carolina. *See* Exhibit D, SCIVIC Texas Franchise Tax Public Information Report. Plaintiff's public filings with the South Carolina and California Secretary of State's Offices further confirm that Plaintiff is a South Carolina Corporation and according to its filings with the California Secretary of State, its "Principal Executive Office" is located in South Carolina. *See* Exhibit E, California Secretary of State Corporation – Statement of Information for Plaintiff; Exhibit F, South Carolina Secretary of State Record. Accordingly, Plaintiff is a citizen of South Carolina.

15.     Defendant Spark Southwest is Delaware Corporation. Its principal place of business is located in Ontario, Canada. Accordingly, Spark Southwest is a citizen of Delaware and Canada.

16.     Defendant Spark is a Canadian Business Corporation. Its principal place of business is located in Ontario, Canada. Accordingly, Spark is a citizen of Canada.

17.     Because Plaintiff is a citizen of South Carolina and Defendants are citizens of Delaware and Canada, there is complete diversity between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a).

18.     Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1332(a)(1) and 1441(a). Section 1441(a) provides that any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant to the District Court of the United States for the district and division

embracing the place where such action is pending. Therefore, removal is proper under 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1441(a) because the State Court Action is located in the Western District of Texas, San Antonio Division.

### IV. JURY DEMAND

19. No party demanded a jury in state court prior to removal.

20. Pursuant to Federal Rules of Civil Procedure 38 and 81(c)(3), Spark Southwest hereby demands a jury trial on all issues so triable.

### V. CONCLUSION

THEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements established by 28 U.S.C. § 1332, Spark Southwest gives notice that it removes the State Court Action to the United States District Court for the Western District of Texas, San Antonio Division.

Dated: June 16, 2021

Respectfully submitted,

By: */s/ Joseph D. Cohen*
**JOSEPH D. COHEN**
State Bar No. 04508369
**SEAN M. MCCHRISTIAN**
State Bar No. 24067751
**CORNELIUS M. SWEERS**
State Bar No. 24102551
*(WDTX Application Pending)*
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, TX 77002
Phone (713) 226-6628
Facsimile (713) 226-6255
jcohen@porterhedges.com
smchristian@porterhedges.com
csweers@porterhedges.com

**ATTORNEYS FOR DEFENDANT SPARK POWER (SOUTHWEST USA) CORP.**

## CONSENT TO REMOVAL OF SPARK POWER CORP.

While Defendant Spark Power Corp. has not been served, and while it does not concede that it is subject to the personal jurisdiction of this Court (or any court in the United States), it consents to the removal of this case without waiver of its right to challenge personal jurisdiction under Rule 12(b)(2) or otherwise.

Dated: June 16, 2021                              Respectfully submitted,

                                                      By:  */s/ Joseph D. Cohen*
                                                           **JOSEPH D. COHEN**
                                                           State Bar No. 04508369
                                                           **SEAN M. MCCHRISTIAN**
                                                           State Bar No. 24067751
                                                           **CORNELIUS M. SWEERS**
                                                           State Bar No. 24102551
                                                           *(WDTX Application Pending)*
                                                           **PORTER HEDGES LLP**
                                                           1000 Main Street, 36th Floor
                                                           Houston, TX 77002
                                                           Phone (713) 226-6628
                                                           Facsimile (713) 226-6255
                                                           jcohen@porterhedges.com
                                                           smchristian@porterhedges.com
                                                           csweers@porterhedges.com

                                                    **ATTORNEYS FOR DEFENDANT**
                                                    **SPARK POWER CORP.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was filed and served via email, certified mail return receipt requested, and/or the Court's CM/ECF system on this 16th day of June, 2021, and is available for download by all counsel of record.

                                                    */s/ Joseph D. Cohen*
                                                    Joseph D. Cohen

11107342v2